```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF ALABAMA
              NORTHERN DIVISION
```

JOHN ROGERS,                     *
                                 *
     Plaintiff,                  *
                                 *
vs.                              *   CIVIL ACTION 09-00368-WS-B
                                 *
MICHAEL J. ASTRUE,               *
Commissioner of Social           *
Security,                        *
                                 *
     Defendant.                  *

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Application for Fees Under the Equal Access to Justice Act ("EAJA") (Doc. 25) and Defendant's Response in Opposition (Doc. 27). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of the pertinent pleadings, it is the recommendation of the undersigned that Plaintiff's application be **GRANTED, in part.**

**I.   FINDINGS OF FACT**

1.  Plaintiff commenced this action on June 23, 2009. (Doc. 1). The undersigned entered a Report and Recommendation, on July 25, 2010, recommending that the decision of the Commissioner be reversed and remanded. (Doc. 21). Defendant did not object. (Doc. 22). On August 4, 2010, the Court adopted the Report and Recommendation as the opinion of the Court and entered Judgment

reversing and remanding this cause to the Commissioner of Social Security for further proceedings. (Docs. 23, 24).

2. Plaintiff's motion for attorney's fees was filed on September 3, 2010. (Doc. 25). In the motion, Plaintiff requests an attorney's fee award of $1,843.51. (Id.) The requested attorney's fee award reflects a total of 10.25, at an hourly rate of $180.44 per hour, for attorney time spent representing Plaintiff in this Court. (Id.)

3. The Commissioner of Social Security has filed a Response, wherein he contends that the Court should find that the Commissioner's position was substantially justified and requests that Plaintiff's claim for EAJA attorney's fees be denied. (Doc. 27).

## II. CONCLUSIONS OF LAW

The EAJA requires a court to award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of Agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the

action. 28 U.S.C. § 2412(d)(1)(B). The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

As set out above, there are three statutory conditions which must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412. See Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990). First, the claimant must file an application for fees within the thirty-day period. Second, the claimant must be a prevailing party. Third, the Government's position must not be substantially justified. Defendant makes no argument that Plaintiff is not a prevailing party[1] under EAJA or that the instant application is untimely[2]; therefore, the Court focuses

---

[1] "[A] party who wins a sentence-four remand order is a prevailing party." Shalala, 509 U.S. at 302, 113 S.Ct. at 2632.

[2] As noted, EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty-day clock did not begin to run in this action until this Court's reversal and remand Order of August 4, 2010 became final, which occurred at the end of the sixty (60) days period for appeal provided under Fed. R. App. Pro. 4(A)(1), that is, October 4, 2010. The application filed in this case, bearing a date of September 3, 2010, is timely since it was filed well before October 4, 2010.

its attention on the remaining statutory condition, namely that the Government's position must not be substantially justified.

Regarding the last condition, in order for Plaintiff to recover attorney's fees under the EAJA, the Government must fail to "establish that its positions were 'substantially justified' or that there exist 'special circumstances' which countenance against the awarding of fees." Myers, 916 F.2d at 666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)). Specifically, "[t]o be substantially justified, the United States' position must have a 'reasonable basis both in law and fact.'" Jean v. Nelson, 863 F.2d 759, 767 (11th Cir. 1988) (citing Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)) (other citations omitted). That is, "justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565 (other citations omitted). The Court notes that "[a]n examination of whether the government's position was substantially justified encompasses an evaluation of *both* the agency's prelitigation conduct and the subsequent litigation positions of the Justice Department ... Unless the government can establish that *all* of its positions were substantially justified, the claimant is entitled to receive attorney's fees." Myers, 916 F.2d at 666 n.5 (emphasis in original) (citations omitted). Although the burden of demonstrating that its position was

substantially justified falls on the Government, Scarborough v. Principi, 541 U.S. 401, 414, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004) (citations omitted), "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified." Ashburn v. United States, 740 F.2d 843, 850 (11th Cir. 1984).

The Commissioner contends that his position in this litigation was substantially justified because "reasonable people can disagree whether the ALJ's decision in this case was appropriate...." (Doc. 27 at 4). Specifically, Defendant asserts that the Court, in reversing the Commissioner's decision, focused on the difference of opinions regarding Plaintiff's postural limitations and noted that the ALJ did not discuss the limitation noted by examining physician Dr. Kanwal; however, according to Defendant, there is no requirement that the ALJ discuss every piece of evidence in his decision. (Id.). Additionally, Defendant notes Dr. Kanwal did not opine that Plaintiff was disabled. The non-examining physician, Dr. Carter, reviewed Plaintiff's records and ultimately concluded that Plaintiff could engage in medium work. (Id.) Thus, according to Defendant, the ALJ reasonably determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work. (Id. at 5).

In the Report and Recommendation dated July 25, 2010 (Doc. 21), the Court found as follows:

> Upon review, the undersigned finds that the ALJ's reliance on a non-examining medical consultant's assessment to determine Plaintiff's RFC was erroneous where the non-examining medical consultant did not include limitations identified by an examining physician, and the ALJ's decision does not address why the non-examining physician's opinion was credited over that of the examining physician. Under the Social Security regulations, state agency medical consultants are deemed highly qualified physicians "who are experts in the evaluation of the medical issues in disability claims under the Act." 20 C.F.R. § 404.1257(f). However, the opinions of non-examining sources, "when contrary to those of examining [sources] are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence." Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987); See also Swindle v. Sullivan, 914 F. 2d 222, 226 n.3(11th Cir. 1990). An ALJ may rely on the opinions of non-examining sources when they do not conflict with those of examining sources. Edwards v. Sullivan, 937 F. 2d 580, 584-85 (11th Cir. 1991).
>
> Dr. Kanwal examined Plaintiff on June 16, 2006 and found that Plaintiff was unable to heel and toe walk because of his right knee, and that Plaintiff could engage in limited squatting and bending due to his straight right knee. Dr. Kanwal recommended that Plaintiff have outpatient orthoscopic procedures, a recommendation that was also made by at least two other examining doctors. Dr. Carter, the medical consultant, reviewed the medical records in July 2006, and opined that that Plaintiff could frequently stoop, kneel, crouch and crawl, and that he could

> engage in medium work. Dr. Carter's opinion
> regarding Plaintiff's ability to stoop,
> kneel, crouch and crawl is clearly at odds
> with Dr. Kanwal's assessment that Plaintiff
> was limited in his ability to engage in
> squatting and bending due to his right knee;
> yet, the ALJ did not discuss the limitations
> noted by Dr. Kanwal, let alone provide any
> explanation for not including the limitations
> noted by Dr. Kanwal in Plaintiff's RFC, and
> in crediting Dr. Carter's opinion over that
> of Dr. Kanwal. It is also noteworthy that
> while Dr. Barrineau did not provide any
> physical limitations following his
> examination of Plaintiff in April 2006, he
> too observed that Plaintiff needed to have an
> outpatient orthoscopic procedure so that he
> could return to the workforce. Accordingly,
> the undersigned is unable to find that the
> ALJ's decision is supported by substantial
> evidence.

(Doc. 21 at 17-18).

While the Commissioner is correct that the ALJ is not required to discuss every piece of evidence in the record, the ALJ must however explain the reason for according a nonexamining physician's opinion greater weight than the opinion of an examining physician if there is a conflict. Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987)(the opinions of non-examining sources, "when contrary to those of examining [sources] are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence."). See also Fries v. Comm'r of SSA, 196 Fed. Appx. 827, 833 (11th Cir. 2006) ("The RFC assessment is based on all the relevant medical and other

evidence in the case record. ... The ALJ must state with particularity the weight given different medical opinions and the reasons for the weight given, and failure to do so is reversible error.").

In this case, the opinion of the nonexamining physician, Dr. Carter, that Plaintiff can frequently stoop, kneel, crouch and crawl and can engage in medium work is clearly at odds with the assessment of examining physician, Dr. Kanwal, that Plaintiff is limited in his ability to engage in squatting and bending due to his right knee, and is in need of orthoscopic procedure. The ALJ did not discuss the bending/squatting limitation noted by Dr. Kanwal nor the weight to be accorded this opinion. This omission is particularly problematic because the bending/squatting limitation noted by Dr. Kanwal is not only at odds with Dr. Carter's opinion that Plaintiff can frequently stoop, kneel, crouch and crawl, but also conflicts with the ALJ's finding that Plaintiff can engage in medium work given that the regulations provide that "[t]he considerable lifting required for the full range of medium work usually requires frequent bending-stooping," SSR 83-10, 1983 SSR LEXIS 30.[3] Because the ALJ was required to,

---

[3] Social Security Ruling 83-10, 1983 SSR LEXIS 30 defines "medium work":

(Continued)

8

but failed to address the weight to be accorded Dr. Kanwal's opinion, the undersigned finds no basis in fact or law for the Commissioner's contention that his position in this litigation was substantially justified.

Having found that the three (3) prerequisites for an award of EAJA fees have been satisfied, the Court turns now to the fee to be awarded in this action. The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Watford v. Heckler, 765 F.2d 1562, 1586 (11th Cir. 1985) (EAJA), quoting

---

Medium Work. The regulations define medium work as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. . .

The considerable lifting required for the full range of medium work usually requires frequent bending-stopping (Stooping is a type of bending in which a person bends his or her body downward and forward by bending the spine at the waist.) Flexibility of the knees as well as the torso is important for this activity. (Crouching is bending both the legs and spine in order to bend the body downward and forward.)

1983 SSR LEXIS 30, *15, 1983 WL 31251, at *6 (S.S.A.)

Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)(§ 1988). In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended" .... Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

Hensley, 461 U.S. at 434 (citations omitted); see also id. at 437, 103 S.Ct. at 1941 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought,

10

pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."). Counsel must use professional judgment in billing under EAJA. A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights. Norman v. Housing Authority, 836 F.2d 1292, 1301 (11th Cir. 1988).

Because Defendant does not object to the number of hours listed on the itemization filed by Plaintiff's counsel (Doc. 25-2), and after examination of the Application and supporting documentation, the Court finds that Plaintiff's counsel spent 10.25 hours on legal tasks in this case and that said time is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125

> per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Supp. 1997).

In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, ... is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." ... The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward ... to take into account an increase in the cost of living, or a special factor.

Id. at 1033-34 (citations and footnote omitted).[4] The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987).

The prevailing market rate for social security cases in the Southern District of Alabama has been adjusted to account for the

---

[4] Subsequent to Meyer, the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

ever-increasing cost of living. See Lucy v. Astrue, CA 06-00147-C (July 5, 2007). As set out in Lucy, the formula to be used in calculating all future awards of attorney's fees under the EAJA is: "'($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal midpoint[5])/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'" (Id. at 11, quoting Doc. 31 at 2).

The undersigned finds that the formula utilized by the Court in Lucy is the proper method in this District for determining the attorney fee rate in cases such as this. The Complaint in this action was filed on June 23, 2009 (Doc. 1), and the Chief District Judge's Order and Judgment were issued on August 4, 2010 (Docs. 23, 24). The number of days between those dates is 407; thus, the temporal midpoint in this action is January 12, 2010. The CPI-U for January of 2010 was 210.056. Plugging the relevant numbers into the foregoing formula renders the following

---

[5] "The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered,[] and ... [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment." Lucy v. Astrue, CA 06-00147-C, Doc. 32 at 11 n.3 (quoting Doc. 31, at 3) (footnote in original).

equation: $125.00 \times 210.056/152.4$. Completion of this equation renders an hourly rate of $172.29.

In consideration of the foregoing, it is recommended that Plaintiff's Application be **GRANTED, in part**, and that Plaintiff be awarded an attorney's fee in the amount of $1,765.97 under the EAJA for the 10.25 hours his attorney spent performing work traditionally performed by attorneys in social security cases.

**III. CONCLUSION**

Therefore, upon consideration of the pertinent pleadings, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act be **GRANTED, in part** and that his attorney be awarded attorney's fees in the amount of $1,765.97 for 10.25 attorney hours spent representing Plaintiff in connection with this action.

The attached sheet contains important information regarding objections to the undersigned's report and recommendation.

DONE this **3rd** day of **December**, **2010**.

                                        **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[6]The Court's Local rules were amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.